**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: October 10 2014

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-32362 |
| | ) | |
| Mason P. Oglesby, III, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION REGARDING MOTION TO REOPEN

This case is before the court on Debtor's Motion to Reopen Case ("Motion") [Doc. # 22], objections filed by Sunrise Cooperative, Inc. ("Sunrise") and Central States, Southeast and Southwest Areas Pension Fund ("Central States") [Doc. ## 25 & 34], and Debtor's response to Sunrise's objection [Doc. # 26]. Debtor seeks an order to reopen this Chapter 7 case in order to file a motion to avoid two judicial liens pursuant to 11 U.S.C. § 522(f). In his Motion, Debtor refers only to "a judicial lien [that] has been prosecuted after the bankruptcy discharge," which refers to Sunrise's judicial lien. At a hearing on the Motion held on March 6, 2014, Debtor orally amended the Motion to specify that he was also seeking to have the Central States' lien avoided. Debtor and his attorney appeared at the hearing in person, and attorneys for Sunrise and Central States appeared by telephone.

### BACKGROUND

There is no dispute that both Central States and Sunrise hold judicial liens against Debtor's real property. On March 6, 2012, Sunrise commenced an action to foreclose its judicial lien in the Huron

County, Ohio, Common Pleas Court against real estate owned by Debtor. [*See* Doc. # 25]. The foreclosure proceeding was litigated for more than a year in the state court. The state court granted Sunrise a decree of foreclosure on March 11, 2013, and the state court sale issued an order of sale to the Huron County, Ohio Sheriff on April 18, 2013. [*See id.* at 25-2, p. 4]. Debtor file a motion to stay the order of sale pending an appeal of the state court judgment, which was denied on May 31, 2013. [*Id.*].

The same day the state court denied a stay pending appeal, on May 31, 2013, Debtor filed for relief under Chapter 7 of the Bankruptcy Code in this court. As an asset of the estate, he listed real property located at 430 Cleveland Road, Norwalk, Ohio, in Huron County, Ohio, on his Schedule A, [Doc. # 3, p. 15/36], and claimed an exemption therein on his Schedule C, [Doc. # 3, p. 19/36]. Debtor scheduled the claims of both Sunrise and Central States as unsecured nonpriority claims on his Schedule F. [*Id.* at p. 23/36]. In his Statement of Financial Affairs, Debtor disclosed the state court judicial lien foreclosure proceeding commenced by Sunrise. [*Id.* at p. 31/36]. Debtor filed no motion to avoid any lien during the pendency of his case. His Chapter 7 discharge was entered on September 26, 2013, and this case was closed on October 1, 2013.

On October 3, 2013, Sunrise filed a motion in state court to reactivate its foreclosure action, which the state court granted. [Doc. # 25-2, p. 5]. Thereafter, Debtor's attorney in the state court action filed a document called Notice of Non-ownership to which Sunrise filed a response. [*Id.*]. After further proceedings, including a telephone conference with the state court judge, the state court ultimately found the Notice of Non-ownership to be moot and, on December 11, 2013, ordered that the case proceed again to sale. [*Id.*]

In the meantime, on November 22, 2013, Debtor commenced an adversary proceeding against Sunrise, alleging that Sunrise violated the discharge injunction by reinstating the foreclosure action post-petition. [*See* Adv. Case No. 13-3178].[1] Sunrise, through counsel, defended by filing a motion to dismiss, which was orally granted by the court on January 29, 2014, at a hearing that Sunrise's counsel attended in person.[2] [*See id.* at Doc. # 14].

On February 22, 2014, Debtor filed the instant Motion.

---

[1] The court takes judicial notice of the contents of its case docket. Fed. R. Bankr. P. 9017; Fed. R. Evid. 201(b)(2); *In re Calder*, 907 F.2d 953, 955 n.2 (10th Cir. 1990); *St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (6th Cir. 1979) (stating that judicial notice is particularly applicable to the court's own records of litigation closely related to the case before it).

[2] A Memorandum of Decision and Order was subsequently entered by the court and addressed the parties arguments as to whether dismissal of the adversary should be with or without prejudice to Debtor's Motion and in which the court concluded such dismissal was without such prejudice to the relief sought in the Motion. [Adv. Case No. 13-3178, Doc. # 17].

## LAW AND ANALYSIS

Debtor seeks to reopen his Chapter 7 case in order to file under 11 U.S.C. § 522(f) motions to avoid judicial liens held by Sunrise and Central States. The reopening of a case is a ministerial act, which "lacks independent legal significance and determines nothing with respect to the merits of the case." *Cusano v. Klein*, 264 F.3d 936, 948 (9th Cir. 2001). It affords no independent relief, but merely gives a bankruptcy court the opportunity to act on a substantive request for relief. *In re Kirksey*, 433 B.R. 46, 48 (Bankr. D. Colo. 2010).

Section 350 of the Bankruptcy Code governs case reopening and provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). As the statute says that the bankruptcy court "may" authorize the reopening of a case, the decision is committed to the sound discretion of the court on a case by case basis. *In re Kapsin*, 265 B.R. 778, 780 (Bankr. N.D. Ohio 2001); *see Rosinski v. Boyd (In re Rosinski)*, 759 F.2d 539, 540-41 (6th Cir. 1985); *Apex Oil Co. v. Sparks (In re Apex Oil Co.)*, 406 F.3d 538, 542 (8th Cir. 2005). In exercising its discretion to reopen a case, "'the bankruptcy court should exercise its equitable powers with respect to substance and not technical considerations that will prevent substantial justice.'" *In re Shondel*, 950 F.2d 1301, 1304 (7th Cir. 1991) (quoting *In re Stark*, 717 F.2d 322, 323 (7th Cir. 1983)).

Courts have long held that avoidance of a judicial lien falls within the ambit of "cause" to reopen a case, because it presents the potential for relief to the debtor. *See, e.g., In re Bianucci*, 4 F.3d 526, 528 (7th Cir. 1993); *In re McDonald*, 161 BR 697, 698 (D. Kan. 1993)(filing a § 522(f) motion presents cause to reopen "unless equitable considerations dictate otherwise"). "Nevertheless, the courts agree that reopening cases [to avoid judicial liens] shall not be allowed *carte blanche*, but instead, there are limitations that must be recognized." *In re Tarkington*, 301 B.R. 502, 505 (Bankr. E.D. Tenn. 2003). Two of those limitations are raised by Debtor's motion to reopen and the affected creditors' opposition to the motion. First, where the court cannot afford the moving party the requested relief, the court does not abuse its discretion in refusing to reopen the case. *Kirksey,* 433 B.R. at 48-49 (citing *In re Schicke*, 290 B.R. 792, 798 (B.A.P. 10th Cir. 2003)). Second, courts will not generally reopen a case if doing so will unduly prejudice an affected creditor. *Bianucci,* 4 F.3d at 528; *In re Frasier*, 294 B.R. 362, 366 (Bankr. D. Colo. 2003).

**Reopening as to Central States**

Central States objects to Debtor's motion, arguing that reopening the case would be futile since the court cannot afford Debtor the requested relief. It argues that the Huron County Recorder's office shows

3

that parcel number 300010030250100 located at 430 E. Cleveland Road, Norwalk, Ohio, Debtor's residential address, consists of 11.999 acres and lists only one acre as a "home site" and the remaining acres as cropland or woods. It also argues that impairment of any exemption cannot be determined because Debtor has not estimated the value of his property or the value of the portion of the property listed as a "home site." At best, Central States' arguments impact only the extent that its lien may be avoided. They do not show that Debtor would not be entitled to avoid any portion of the lien and, thus, are not a basis for finding that reopening the case in order to file a motion to avoid Central States' lien would be futile.

**Reopening as to Sunrise**

Sunrise, for its part, objects to Debtor's motion on equitable grounds. It raises the equitable defense of laches, arguing that Debtor's delay in seeking avoidance of its lien until after his case was closed has resulted in prejudice to Sunrise. *See In re Dryja*, 320 B.R. 650, 652-53 (Bankr. N.D. Ohio 2005) (recognizing laches as an equitable defense to a motion to reopen); *In re Tarkington*, 301 B.R. at 506-07 (same); S. Rep. No. 95-989, 95th Cong., 2d Sess. 49(1978); H.R. Rep. No. 95-595, 95th Cong., 1st Sess. 338 (1978)(legislative history explicitly recognizes laches as a defense to a motion to reopen).

Laches consists of two elements: "(1) unreasonable delay in asserting one's rights; and (2) a resulting prejudice to the defending party." *EEOC v. Watkins Motor Lines, Inc.,* 463 F.3d 436, 439 (6th Cir. 2006). As explained by the Sixth Circuit:

> [L]aches does not result from a mere lapse of time but from the fact that, during the lapse of time, changed circumstances inequitably work to the disadvantage or prejudice of another if the claim is now to be enforced. By his negligent delay, the plaintiff may have misled the defendant or others into acting on the assumption that the plaintiff has abandoned his claim, or that he acquiesces in the situation, or changed circumstances may make it more difficult to defend against the claim.

*Chirco v. Crosswinds Communities, Inc.* 474 F.3d 227, 231 (6th Cir. 2007) (citation omitted). The burden of proving laches as a defense to a motion to reopen rests with the party asserting it. *In re Levy*, 256 B.R. 563, 565-66 (Bankr. D.N.J. 2000).

In this case, there is no suggestion that Debtor was unaware of Sunrise's judgment lien at the time he filed his petition. Although he scheduled Sunrise's claim as a general unsecured claim on Schedule F, Debtor disclosed on his Statement of Financial Affairs the proceeding to foreclose the lien commenced by Sunrise in 2012, over one year before his bankruptcy petition was filed. Given the extensive state court litigation of the judgment lien foreclosure action and the filing of the underlying Chapter 7 bankruptcy case on the same day that the state court denied Debtor a stay pending appeal of the order of sale, there can be

4

no argument that Debtor was not aware that Sunrise was asserting a judicial lien on his real estate. Indeed, in his opposition to the motion to reopen, Debtor makes a statement showing that failing to file motions to avoid the judgment liens when the Chapter 7 case was open was intentional, if perhaps misguided: "Debtor did not object to the lien during the underlying case because among other reasons the property valuation, the first mortgage with Croghan Colonial Bank, plus the IRS lien rendered the claim as valueless." [Doc. # 26, p. 1/2]. Debtor then surprisingly seeks to shift the blame to Sunrise both for his failing to file a motion to avoid the lien and for commencing the meritless adversary proceeding in this court based on its re-commencing foreclosure of a valid and subsisting lien after the case was closed . Whether there is sufficient "equity" (or value, as Debtor puts it) in the property to put a judgment lienholder in the money in the state court foreclosure process is irrelevant to whether the foreclosure process and sale will proceed. The alleged lack of equity in the property beyond other unavoidable liens would instead seem only to support application of the § 522(f) formula and an effort to avoid the lien so as to prevent Sunrise from foreclosing on the property. Thus, the reason given by Debtor for not seeking to avoid the judicial liens before his bankruptcy case was closed favors denying the motion to reopen because it appears to have been an intentional strategic decision not to do so while the case was open.

In this case, the court finds that failing to file motions to avoid the judicial liens while the case was open, combined with the approximately 4 and ½ month delay from case closure on October 1, 2014, to the filing of the motion to reopen on February 22, 2014 was an unreasonable delay under the circumstances. There is no persuasive reason why motions to avoid liens could not and should not have been filed when the case was open, other than that Debtor chose not to do so for some reason.

As the Sixth Circuit and other courts hold, delay alone does not does justify application of the equitable doctrine of laches. "But delay may be prejudicial when it is combined with other factors." *Bianucci,* 4 F.3d at 528. Prejudice occurs when there is a change in position during the period of delay, which will cause injury to the rights of the creditor or third parties. *In re Quackenbos*, 71 B.R. 693, 695 (Bankr. E.D. Pa. 1987). Prejudice does not occur, however, simply because the Debtor may prevail on the underlying merits of a motion to avoid the judicial lien. *See Matter of Williamson*, 804 F.2d 1355, 1358 (5th Cir. 1986).

Sunrise has shown that after this case was closed it incurred attorney fees and costs in order to reinstate the state court foreclosure proceeding and then to respond to and litigate Debtor's unusual Notice of Non-Ownership filed in that proceeding. Debtor's argument that such fees were not caused by his actions, or lack thereof, is wholly unpersuasive. This is the classic situation noted by the Sixth Circuit in which, by

5

his delay, Debtor "may have misled the...creditor or others into acting on the assumption that the ...Debtor has abandoned his claim, or that he acquiesces in the situation...." *Chirco*, 474 F.3d at 231. None of the post-discharge proceedings in state court would have occurred had Debtor timely filed a motion to avoid the lien while the case was open. If the case is reopened and the motion filed and granted, then Sunrise never should have been put to that expense in the first place. If the case is reopened and the motion to avoid lien is denied, then Sunrise will again incur fees and costs to resume the state court foreclosure proceeding, an expense that it should not have to bear twice as a result of Debtor's inexplicable delay in the first instance.

Sunrise also incurred attorney fees in defending the adversary proceeding commenced in this court in which Debtor alleged that reinstating the foreclosure proceeding violated the discharge injunction. Again, had Debtor filed a motion to avoid Sunrise's lien during the pendency of his bankruptcy case, Sunrise would not have reinstated the foreclosure action, and Debtor would not have filed the adversary complaint that Sunrise unnecessarily had to defend. The issue would have been dealt with one way or another before case closure. Moreover, the judicial lien not having been avoided in the Chapter 7 case, there was no merit whatsoever to the adversary proceeding, regardless whether Sunrise would be in the money or out of the money through the state court foreclosure action and judicial sale. *See In re Wilson*, 492 B.R. 691, 695-96 (Bankr. S.D.N.Y. 2013). It was not until after this court orally granted Sunrise's motion to dismiss the adversary proceeding that Debtor filed his motion to reopen this case.

Some courts have ruled that a creditor's action to enforce its lien, after the entry of discharge or the closing of the case, constitutes sufficient detrimental reliance to bar a debtor's exercise of the right to avoid a lien under section 522(f). *See, e.g.*, *In re Hawkins*, 727 F.2d 324 (4th Cir. 1984) (affirming a decision denying a motion to reopen case to avoid a judicial lien where eight months had elapsed since the case was closed and the creditor had incurred court costs and attorney fees in commencing foreclosure); *In re Dryja*, 320 B.R. at 652-53 (denying motion to reopen under equitable doctrine of laches due to the debtor's delay in filing the motion and resulting prejudice to the creditor); *In re Tarkington*, 301 B.R. at 509 (same); *In re Serafini,* 30 B.R. 606 (Bankr. W.D. Pa. 1983), *aff'd*, 41 B.R. 880 (W.D. Pa. 1984); *cf. In re Blossom*, 57 B.R. 285 (Bankr. N.D. Ohio 1986) (case involving creditor omitted from schedules).

Other courts exercise their discretion to consider whether the debtor should be required to reimburse the creditor for expenses it incurred during the period of delay as a condition of reopening the bankruptcy case to pursue lien avoidance proceedings, instead of barring reopening altogether. *E.g.*, *Noble v. Yingling*, 29 B.R. 998, 1003 (D. Del. 1983)(citing cases conditioning relief to debtor upon payment of judgment creditor's costs and expenses); *Noble v. Yingling*, 37 B.R. 647, 651 (D. Del. 1984)(on further appeal after

remand, conditioning granting of motion to reopen on payment of creditor's fees and costs); *In re Ricks*, 62 B.R. 681, 682-84 (Bankr. S.D. Cal. 1986); *In re Webb*, 48 B.R. 454, 457-58 (Bankr. E.D. Va. 1985); *In re Dator,* Case No. 98-15046-JNF, 2006 Bankr. Lexis 1596, 2006 WL 2056678 (Bankr. D. Mass. July 21, 2006); *see Bianucci,* 4 F.3d at 529 (in *dicta,* the court states that "[w]hile it may be permissible for a bankruptcy court to condition reopening on reimbursement, we do not believe the court must do so"); *In re Wilding,* 475 F.3d 428, 433-434 (1st Cir. 2007)(states that it is within the bankruptcy court's discretion on remand to condition reopening to avoid demonstrable prejudice to creditor from belated avoidance of a judicial lien).

Under the circumstances of this case, the court finds that Sunrise has been prejudiced by Debtor's delay in seeking to avoid its judgment lien. Sunrise has provided an affidavit showing its total fees and costs incurred in the judgment lien foreclosure process in state court. The court cannot find that all of the fees and costs associated with the judgment lien foreclosure action are a result of Debtor's delay in filing a motion to avoid the judgment lien. A creditor pursuing a judgment lien foreclosure action against an individual always bears risk that the debtor will file for bankruptcy to stop the proceedings and avoid the lien. *Noble v. Yingling I*, 29 B.R. at 1003. Rather, only those costs and fees associated with reinstating the judicial lien foreclosure action and with defense of the Debtor's meritless adversary proceeding resulted from Debtor's delay. While quantifiable, they have not been quantified by Sunrise.

The court finds that the proper exercise of its discretion in this case is to grant Debtor's motion to reopen, conditioned upon Debtor's reimbursement of the fees and costs Sunrise incurred as a result of Debtor's delay. The court does not believe that denying reopening altogether is appropriate. Debtor's delay, while unnecessary and unreasonable, has not been shown by Sunrise to be so long that a motion to avoid lien cannot be defended on the merits of the § 522(f) formula factors such as property valuation timing and other encumbrances and their amounts. *Cf. In re Tarkington*, 301 B.R. at 508. Also, the nature of the prejudice experienced by Sunrise is of a type subject to cure by reimbursement. *In re Procaccianti,* 253 B.R. 590, 591-92 (D.R.I. 2000); *In re Dator*, 2006 Bankr. Lexis 1596 at * 8-*9. Moreover, the motion to avoid lien as to Central States will go forward in any event. Debtor has properly claimed an exemption in the real property on his Schedule C and it will only be partially protected if only Central States' judicial lien is permitted to be avoided while Sunrise proceeds to foreclosure on its lien. It makes sense on the facts of this case that the Debtor and both creditors should proceed on the same page as to the judicial liens. But if the Debtor is unwilling or unable to pay Sunrise's fees and costs in consideration of seeking lien avoidance now, then the court will not consider a motion to avoid the Sunrise judgment lien. Prejudice has been shown

7

by Sunrise, and the failure to seek avoidance while the case was open appears on the record as an intentional decision.

### CONCLUSION

For the foregoing reasons and because Central States has neither shown nor argued that Debtor's delay in filing his motion caused it any prejudice, the court will grant Debtor's motion to reopen to the extent it is for the purpose of filing a motion to avoid Central States' judicial lien. However, in light of Debtor's unreasonable delay in pursuing avoidance of Sunrise's lien and the resulting prejudice to Sunrise, the court will condition granting Debtor's motion to reopen on payment of the attorney's fees and costs incurred by Sunrise in reactivating its state court lien foreclosure proceedings and litigating the issues raised by Debtor therein, as well as its fees and costs of defending Debtor's adversary proceeding based on that foreclosure action.

The court will enter a separate order in accordance with this Memorandum of Decision.

###