**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



_____
Mary Ann Whipple
United States Bankruptcy Judge

**Dated: August 28 2015**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-32362 |
| | ) | |
| Mason P. Oglesby, III, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER REGARDING SUNRISE COOPERATIVE, INC.'S STATEMENT OF ATTORNEY FEES AND EXPENSES

On October 10, 2014, the court granted Debtor's motion to reopen this case, which had been closed on October 1, 2013, in order to file motions to avoid judicial liens held by creditors Sunrise Cooperative, Inc. ("Sunrise") and Central States, Southeast and Southwest Areas Pension Fund ("Central States"). [Doc. # 41]. However, because the court found that Sunrise was prejudiced by Debtor's delay in filing a motion to avoid the judicial lien held by it, the court conditioned Debtor's ability to file a motion to avoid the judicial lien on his payment of the reasonable attorney's fees and costs incurred by or on behalf of Sunrise in reactivating and prosecuting a judgment lien foreclosure case after October 1, 2013, in the Common Pleas Court of Huron County, Ohio, and in defending Adv. Pro. No. 13-3158 commenced by Debtor in this court.[1]

---

[1] In his adversary complaint, Debtor alleged that Sunrise violated the discharge injunction by pursuing a foreclosure action to collect the debt owed to it. Because the discharge injunction does not bar enforcement of a creditor's *in rem* rights and there was no allegation of an attempt to collect based on Debtor's personal liability to Sunrise, Debtor's complaint was dismissed for failure to state a claim upon which relief could be granted.

[*Id.*]. The court's October 10 order required Sunrise to file a statement of the fees and expenses upon which relief to Debtor is conditioned. This case is now before the court on Sunrise's Statement/Motion for Attorneys' Fees and Expenses [Doc. # 45] and Debtor's Objection [Doc. # 46].

Initially, the court notes that Debtor's cursory Objection includes no specific objection to any fact or issue relating to the reasonableness of the attorneys' fees and costs incurred by Sunrise. The court nevertheless addresses that issue below.

To determine the reasonableness of attorney fees, this court generally applies the "lodestar" method of fee calculation endorsed by the Supreme Court and the Sixth Circuit under numerous federal fee shifting statutes whereby the court multiplies the reasonable number of hours billed by a reasonable billing rate. *See Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 432 (1983) and employing the lodestar method in determining an award of attorney fees in a civil rights case). In determining the reasonableness of an attorney's claimed hourly rate, the court considers "the prevailing rate in the relevant market - i.e., 'the rate that is customarily paid in the community to attorneys of reasonably comparable skill, experience, and reputation.'" *Disabled Patriots of Am., Inc. v. Reserve Hotel, Ltd.*, 659 F. Supp.2d 877, 885 (N.D. Ohio 2009) (internal citation omitted). The relevant market is "the venue of the court of record," rather than the "geographical area wherein [counsel] maintains his office and/or normally practices." *Id.* (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir.2000)).

The statement of fees and expenses avers that Sunrise incurred legal fees between October 1, 2013, and October 27, 2014, in the amount of $12,362.50, which includes a discount in the amount of $3,420.00 to account for the time of multiple attorneys handling various matters. The itemization of work performed by the law firm Critchfield, Critchfield & Johnston, Ltd., includes work performed by six individuals, each with a specific hourly rate that the individual charges, ranging from $125 to $275. Of the total 78.10 hours of work included in the itemization, Attorney Duriya Dhinojwala performed 61 hours, which are charged at an hourly rate of $200. Sunrise explains that Attorney Dhinojwala has practiced in the areas of litigation and bankruptcy for over ten years but provides no information regarding any of the other five individuals' positions, skills or experience.

In the absence of other evidence, this court, as have other courts, *see, e.g., In re Tobis,* No. 04-38603, 2009 WL 1607574, 2009 Bankr. LEXIS 1519, *12 (Bankr. N.D. Ohio Apr. 1, 2009); *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007); *Lee v. Javitch, Block & Rathbone, LLP*, 568 F. Supp. 2d 879, 876-77 (S.D. Ohio 2008); *FTSS Korea v. First Tech. Safety Sys., Inc.*, 254 F.R.D. 78, 81 (E.D. Mich. 2008),

looks to and takes judicial notice of a published market survey, in this instance one published by the Ohio State Bar Association, as a resource to measure the hourly rates in question from the standpoint of the market. *See The Economics of Law Practice in Ohio in 2013*, published at https://www.ohiobar.org/NewsAndPublications/SpecialReports (then follow "The Economics of Law Practice in Ohio in 2013"). The time period covered by the OSBA market survey for 2013 is relevant to the time period for the services at issue. The reported median hourly billing rate for all respondents was $207; and the median hourly rate for attorneys like Attorney Dhinojwala with six to ten years experience was $200. By practice area, the median bankruptcy hourly rate for creditor work was $273. By location, the median hourly rate for Toledo was $210 and for northwest Ohio was $175. Based upon the relevant market survey, the limits of which the court recognizes, and its own familiarity and experience with the hourly rates charged for debtor and creditor work in the Toledo area, and given no specific objection to the hourly rate by Debtor, the court finds that Attorney Dhinojwala's hourly rate of $200 is reasonable.

The second part of the lodestar calculation is the number of hours reasonably expended. In asserting that the $12,362.50 in legal fees incurred by it are reasonable, Sunrise argues that Attorney Dhinojwala's 61.1 hours of time, resulting in fees of $12,220, were reasonably spent on issues relevant to the court's determination in this matter. It thus appears to be Sunrise's position that the fees incurred were almost entirely the fees of Attorney Dhinojwala and that the $3,420 discount in the total fees for the time of multiple attorneys handling matters is a discount applied to the service of the other five professionals included in the itemization of services. That being Sunrise's position is reinforced by the fact that it provides no information as to the other individuals that provided legal services from which the court can determine the reasonableness of their hourly rates. The court will therefore consider only the services provided by Attorney Dhinojwala in determining the legal fees that must be satisfied by Debtor as a predicate in order to be entitled to file a motion to avoid the judicial lien held by Sunrise.

Applicant's supplemental filing itemizes the services rendered, by description and time spent. As indicated above, pursuant to the order entered on October 10, 2014, granting Debtor's motion to reopen, the court conditioned Debtor's ability to file a motion to avoid Sunrise's judicial lien on his payment of the reasonable attorney's fees and costs incurred by Sunrise in reactivating and prosecuting a judgment lien foreclosure case after October 1, 2013, in the Common Pleas Court of Huron County, Ohio, and in defending Adv. Pro. No. 13-3158 commenced by Debtor in this court. Only fees incurred in those proceeding were the basis of the prejudice found by the court in Debtor's delay in filing a motion to avoid

Sunrise's judicial lien. [*See* Doc. # 41, pp. 5-7]. The court finds time spent on March 12, 25, and 26, 2014, for a total of $840.00 in fees in attending to, reviewing correspondence relating to, and drafting a motion to strike or dismiss a Rule 60(b) motion for relief from judgment filed by Debtor in the state court of appeals is unrelated to fees incurred in the matters set forth in the court's October 10 order. The court finds that the remainder of the time spent by Attorney Dhinojwala was reasonably spent in connection with the matters set forth in the court's order. The court's finding is reinforced by the fact that Debtor raises no objection to any specific entry of time Attorney Dhinojwala spent on these matters. The court concludes therefore that Debtor must satisfy attorney fees incurred by Sunrise in the amount of $11,380.00 ($12,220.00 less $840.00).

The itemization also includes expenses incurred by Sunrise for "PACER Costs" and "Westlaw Legal Research Costs" in the total amount of $125.20. In *Smith v. Service Master Corp.*, 592 Fed. Appx. 363 (6th Cir. 2014), the Sixth Circuit addressed the standard for determining whether costs for legal research on Westlaw and PACER are separately compensable or whether they should be considered part of the overhead included in the attorney's hourly fee. Recognizing a split of circuit court authority on the issue, the court set forth the following standard:

> Any recovery should be for the actual cost of the online access or service. If the lawyer or firm pays a blanket access fee, rather than per search, there is no reason to distinguish the on-line research cost from the cost of the books that at one time lined the walls of legal offices, which was treated as overhead. If distinct charges are incurred for specific research directly relating to the case, and the general practice in the local legal community is to pass those charges on to the client, we see no reason why such properly documented charges should not be included in the recoverable expenses.

*Id.* at 368.

Sunrise provides no basis for determining whether the Westlaw and PACER costs set forth in the itemization are properly billed separately or whether they should be treated as overhead. As such, the court will not require Debtor to pay these costs as a prerequisite to filing a motion to avoid Sunrise's judicial lien.

**THEREFORE,** for the foregoing reasons, good cause appearing,

**IT IS ORDERED** that Debtor must pay $11,380.00 incurred by Sunrise Cooperative, Inc., as a prerequisite to Debtor filing a motion to avoid the judicial lien held by Sunrise Cooperative, Inc.; and

**IT IS FURTHER ORDERED** that the court will consider a motion to avoid Sunrise Cooperative, Inc.'s judicial lien only upon filing by Debtor of evidence of payment of the $11,380.00 incurred by Sunrise Cooperative, Inc., provided, however, evidence of payment must be filed no later than **October 15, 2015**,

and the motion to avoid its judicial lien must be filed no later than **October 30, 2015**;

      **IT IS FURTHER ORDERED** that Debtor must file a motion to avoid the judicial lien of Central States, Southeast and Southwest Areas Pension Fund no later than the deadline for filing a motion to avoid the judicial lien of Sunrise Cooperative, Inc. The court will consider them only in conjunction with one another because they will depend on common facts and raise the same issues; and

      **IT IS FINALLY ORDERED** that the court will re-close this case upon either the determination of all timely filed motion(s) to avoid judgment liens or the expiration of the deadlines set in this order without timely action being taken by Debtor, as may be appropriate under the circumstances.

###